UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**SHELTON ABERCRUMBLE**            **CIVIL ACTION NO. 24-0571**

**SECTION P**

**VS.**

**JUDGE TERRY A. DOUGHTY**

**WARDEN BASS, ET AL.**            **MAG. JUDGE KAYLA D. MCCLUSKY**

**REPORT AND RECOMMENDATION**

Plaintiff Shelton Abercrumble, a prisoner at Louisiana Workforce, LLC, proceeding pro se and in forma pauperis, filed this proceeding on approximately April 29, 2024, under 42 U.S.C. § 1983. He names the following Defendants: Warden Bass, Lieutenant Smith, and Correctional Officer Scout.[1] For reasons that follow, the Court should dismiss Plaintiff's claims.

**Background**

Plaintiff claims that on December 15, 2023, in D-dorm at Tensas Parish Detention Center, he and eighty other inmates were forced to defecate and urinate in plastic bags because the water at the facility was off, and consequently the toilets were inoperable. [doc. # 1, p. 3]. Inmates disposed of the bags "in the dorm trash can." *Id.* He also states that there was a large bag in a shower for inmates to use for urinating and defecating; it was removed once each day. *Id.* at 4. Plaintiff alleges that "all through the day and night the dorm constantly smelled like urine or [feces]." *Id.* at 3. The odor gave him a headache. *Id.* He was never given any cleaning

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

supplies to prevent the dormitory from smelling. *Id.* Plaintiff adds, "The water would sometimes stay off for days to two-to-three weeks[.]" *Id.* at 4.

Plaintiff alleges that Warden Bass did not try to "take care of the situation" and "didn't even try to come and see what the problem was." [doc. # 8, p. 1].

Plaintiff alleges that Lieutenant Smith and Correctional Officer Scout would "disregard what is going on and threaten all the inmates by cursing . . . and telling them I don't care what you do. [sic]." [doc. # 8, p. 1]. Neither Smith nor Scout "handle[d] the situation or got anyone to fix the toilets or urinal." *Id.* at 1-2.

Plaintiff claims that when the water was off, he "would receive a certain amount of bottled water to drink per day." [doc. # 1, p. 3]. He received one bottle of water for lunch and "one for last meal." *Id.*

Plaintiff seeks "to be legally compensated due to [his] civil rights being violated." [doc. # 1, p. 5].

## Law and Analysis

### 1. Preliminary Screening

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b)

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

2

provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the

same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. A complaint fails to state a claim where its factual allegations do not "raise a right to relief above the speculative level." *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (*quoting Twombly*, 550 U.S. at 555). "[U]nadorned, the-defendant unlawfully-harmed-me accusation[s]" will not suffice. *Iqbal*, 556 U.S. at 677.

"[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

4

**2. Limitation on Recovery Under 42 U.S.C. § 1997e(e)**

As above, Plaintiff seeks "to be legally compensated due to [his] civil rights being violated." [doc. # 1, p. 5].

Under 42 U.S.C. § 1997e(e), "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." "[I]t is the nature of the relief sought, and not the underlying substantive violation, that controls: Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury." *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005). "The 'physical injury' required by § 1997e(e) 'must be more than de minimus [sic], but need not be significant.'" *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (*quoting Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)).

Here, Plaintiff "brought" this action when he was incarcerated. [doc. #s 1, p. 2; 1-2]. As to all his claims, he seeks monetary compensation for only mental, emotional, or de minimis injuries he suffered while in custody. He experienced a headache, but absent more this does not plausibly amount to a greater-than-de minimis injury.[3] He also appears to allege that he

---

[3] *See Kossie v. Crain*, 354 F. App'x 82, 83 (5th Cir. 2009) (finding headaches de minimis); *Amir-Sharif v. Dallas Cty.*, 2006 WL 2860552, at *7 (N.D. Tex. Oct. 5, 2006) ("Sleep deprivation, headaches and weight loss amount to de minimis physical injuries without more."); *Herron v. Patrolman No. 1*, 111 F. App'x 710, 713 (5th Cir. 2004) (holding that a "temporary increase of pain . . . is at most a *de minimis* injury that will not support a claim of mental or emotional suffering.").

vomited, writing that he was "purking." [doc. # 1, p. 3]. But like above he does not plausibly allege that vomiting qualified as a greater-than-de minimis injury.[4]

Plaintiff does not present a prior showing of physical injury or the commission of a sexual act as defined in 18 U.S.C. § 2246. Thus, he may not recover compensation for mental or emotional injuries. In addition, Plaintiff does not allege that he suffered any other injuries or damages compensable by monetary relief.

Accordingly, the Court should dismiss Plaintiff's request for compensatory relief. As Plaintiff does not seek any other cognizable relief for his claims, the Court should dismiss them.

## Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Shelton Abercrumble's claims be **DISMISSED WITH PREJUDICE** for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R.**

---

[4] *See Alexander v. Tippah Cnty.*, Miss., 351 F.3d 626, 631 (5th Cir. 2003) (opining: "vomiting is an unpleasant experience," but there was no indication that the nausea "was severe enough to warrant medical attention[,]" and the plaintiff did not allege "that his nausea was a symptom of some more serious malady, or had any lasting effects," and "the injury (if any) suffered by [the plaintiff] was de minimis.").

6

**Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 25th day of June, 2024.

                                                                    _____
                                                                    Kayla Dye McClusky
                                                                    United States Magistrate Judge